IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-CV-61-MOC-WCM

JOHN A. HOGLEN,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

MEMORANDUM AND RECOMMENDATION

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 9 & 11), which have been referred to the undersigned pursuant to 28 U.S.C. § 636.

## I. Procedural Background

Plaintiff filed an application for supplemental social security benefits, alleging disability beginning January 1, 2015. Transcript of Administrative Record ("AR") at 147-156. Following denial of Plaintiff's claims on initial review and reconsideration, a hearing was held on November 19, 2018. AR at 30-37. Although Plaintiff's counsel appeared at the hearing, Plaintiff himself did not appear. AR at 33-63.[1]

---

[1] A Notice to Show Cause for Failure to Appear was issued to Plaintiff on December 5, 2018, and the administrative law judge ("ALJ") subsequently found that Plaintiff did not establish good cause for his failure to appear at the hearing. AR at 131-133,

1

On January 8, 2019, ALJ issued an unfavorable decision. AR at 12-25. The Appeals Council denied Plaintiff's request for review of that decision and on February 24, 2020, Plaintiff filed the instant action. AR at 1-6; Doc. 1. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual

---

15. Therefore, the ALJ issued his decision based on the evidence of record and the testimony of the vocational expert. See AR at 15.

functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of "a major depressive disorder, an anxiety disorder, and a specific learning disorder with impairment in reading and mathematics." AR at 18. Additionally, the ALJ found that Plaintiff had "moderate" limitations in three of the four broad areas of mental functioning, (i.e., understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace.) and "mild" limitations in the fourth area (adapting or managing oneself). AR at 19. The ALJ further found that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> routine, repetitive, one and two-step tasks that require no reading or math. In addition, he should have no public contact, occasional interaction with coworkers,

3

and remote supervision.

AR at 20.

Applying this RFC, the ALJ found that Plaintiff could perform representative jobs that existed in significant numbers in the national economy and therefore that Plaintiff had "not been under a disability…since July 20, 2016, the date the application was filed." AR at 25.

### IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether

4

the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Analysis

Plaintiff makes three allegations of error: (1) the ALJ failed to account for Plaintiff's "Borderline Intellectual Functioning" diagnosis at step 2 of the sequential evaluation process; (2) the ALJ failed to evaluate Listing 12.05; and (3) the RFC did not account adequately for certain non-exertional functional limitations.

### A. Determination of Severe Impairments at Step Two

Plaintiff argues that although the ALJ found other "severe" impairments at step two, the ALJ's failure to recognize Plaintiff's diagnosis of Borderline Intellectual Functioning at step two requires remand. Doc. 9-1 at 4-5.

At step two of the evaluation process, a plaintiff must establish a "severe impairment," that is, an "impairment or combination of impairments that significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A non-severe impairment is defined as one that "does not significantly limit [a plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). "However, '[a]s long as the ALJ determines that the claimant has at least one severe impairment and proceeds to discuss all of the medical evidence, any error regarding failure to list a specific impairment as severe at step two is harmless.'" Jardine v. Saul,

5

1:19CV12, 2020 WL 5778184 at *3 (M.D.N.C. Sept. 1, 2020) (quoting McClain v. Colvin, No. 1:12CV1374, 2014 WL 2167832, at *4 (M.D.N.C. May 23, 2014) (citations omitted); see also Shannon v. Berryhill, 1:17-cv-00066-RJC, 2018 WL 1567368, at *2 (W.D.N.C. March 30, 2018) ("Failure to list a specific impairment as severe in step two is harmless so long as the ALJ found other severe impairments. 'Such [step two] findings advanced the ball in the sequential evaluation process because when an ALJ finds one severe impairment, all impairments both severe and non-severe must be considered in determining RFC.'") (quoting Stacey v. Astrue, No. 1:09CV181, 2011 WL 841356, at *3 (W.D.N.C. Jan. 28, 2011), *report and recommendation adopted*, No. 1:09CV181, 2011 WL 873463, at *3 (W.D.N.C. Mar. 7, 2011); King v. Berryhill, No. 3:17-cv-380-MOC, 2018 WL 709968, at *3 (W.D.N.C. Feb. 5, 2018).

Here, the ALJ found that Plaintiff suffered from the severe impairments of major depressive disorder, anxiety disorder, and a specific learning disorder with impairment in reading and mathematics. AR at 18. The ALJ then went on, in step three, to consider Plaintiff's limitations in the four broad areas of functioning. Under these circumstances, the undersigned finds that the ALJ's failure to list Borderline Intellectual Functioning as a severe impairment does not require remand.

### B. Analysis of the Listings at Step Three

Plaintiff also argues that remand is required because the ALJ failed to consider whether his impairments met Listing 12.05 "under the standard in effect at the time of filing." Doc. 9-1 at 5.

The Listings detail impairments that are considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a) & 416.925(a). "A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013). The burden of presenting evidence that an impairment meets or is medically equivalent to a listed impairment lies with the claimant. Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986).

Here, when considering whether Plaintiff's impairments met or medically equaled the severity of listed impairments, the ALJ explicitly referenced Listings 12.04, 12.06, and 12.11, and analyzed whether Plaintiff had extreme or marked limitations in the areas of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing himself. See AR at 18-20.

7

Case 1:20-cv-00061-MOC-WCM   Document 13   Filed 01/22/21   Page 7 of 16

Under Listing 12.05(B),[2] a claimant must establish that, due to a disorder beginning prior to the age of 22, he has (1) "[s]ignificantly subaverage general intellectual functioning" evidenced by a specified IQ score; and (2) "[s]ignificant deficits in adaptive functioning." See Listing 12.05(B)(1) & (2). To establish the required "deficits in adaptive functioning," a claimant must manifest an extreme limitation in one, or a marked limitation in two, of the following areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting or managing oneself. Listing 12.05(B)(2)(a)-(d).[3]

As noted above, the ALJ considered these areas of mental functioning in his opinion. See also Morrison v. Saul, No. 1:19cv413, 2020 WL 5111251, at *5 & *8 (M.D.N.C. Aug. 31, 2020) (explaining that ALJ opted to analyze claimant's intellectual deficits under Listing 12.11, "which includes borderline intellectual functioning," and that "Listings 12.05B and 12.11 share the same

---

[2] Because Plaintiff references his full-scale IQ score, it appears that Plaintiff is arguing that the ALJ failed to analyze Listing 12.05(B) rather than 12.05(A).

[3] Areas of mental functioning are rated on a five-point scale. See Listing 12.00(F)(2). When a claimant's ability to function in an area independently, appropriately, effectively, and on a sustained basis is "fair," the claimant is considered to have a moderate limitation. Listing 12.00(F)(2)(c). A claimant is considered to have a "marked limitation" in an area of mental functioning when his or her ability to function independently, appropriately, and effectively on a sustained basis "is seriously limited." Listing 12.00(F)(2)(d). An "extreme limitation" is found when a claimant is unable to function in the specific functional area. Listing 12.00(F)(2)(e).

paragraph B criteria…and thus, even if the ALJ applied Listing 12.05B upon remand, that Listing would again require the ALJ to rate Plaintiff's ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage himself."); Ollice v. Colvin, No. 1:15CV927, 2016 WL 7046807, at *3 (M.D.N.C. Dec. 2, 2016) ("[A]n ALJ is not required to explicitly identify and discuss every possible listing; however, he must provide sufficient explanation and analysis to allow meaningful judicial review of his step three determination where the 'medical record includes a fair amount of evidence' that a claimant's impairment meets a disability listing." (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)).

Further, to the extent Plaintiff contends that the ALJ erred in not considering a previous version of Listing 12.05 that was in effect until December 17, 2017, "the version of the listings in effect as of the date of the Commissioner's final decision controls." Kiser v. Saul, 821 Fed. Appx. 211, 213 n.1 (4th Cir. July 30, 2020) (unpubl.) (citing Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,138, 66,138 (Sept. 26, 2016) ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.")); see also Larkin v. Berryhill, No. 6:17-1166-MGL-KFM, 2018 WL 4560575, at *5 (D.S.C. May 30, 2018) (applying version of Listing 12.05 in effect at the time of the ALJ's

decision). Here, the ALJ issued his decision on January 8, 2019, and therefore the Listings in effect as of that date control. Accordingly, the undersigned finds that the ALJ's failure to consider the previous version of Listing 12.05 does not require remand.

### C. Development of Plaintiff's RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant evidence. Johnson, 434 F.3d at 653.

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the evidence to his conclusion" that Plaintiff's RFC sufficiently accounts for his limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine

10

whether the ALJ's decision is supported by substantial evidence."); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at * (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion.").

Here, Plaintiff argues that although the ALJ "generally accept[ed]" the opinions of Dr. Linda Tyrrell, a State Agency psychological consultant, and Dr. Todd Morton, a psychologist who performed a consultative examination, see AR at 23, Plaintiff's RFC fails to incorporate certain limitations recognized by these professionals. Doc. 9-1 at 6-8. Additionally, Plaintiff contends that despite his moderate limitations in concentrating, persisting, and maintaining pace, see AR at 19, the ALJ failed to include a corresponding limitation in Plaintiff's RFC. Doc. 9-1 at 8.

### 1. The Opinions of Dr. Tyrrell and Dr. Morton

In his February 2017 Assessment, Dr. Morton concluded, *inter alia*, that Plaintiff "would be unlikely to be able to maintain a pace of work that most employers require." AR at 231. In her February 2017 findings, Dr. Tyrrell opined that Plaintiff "is able to perform simple routine repetitive skills in a low stress, low production work setting with minimal social interactions." AR at 56. Plaintiff's RFC does not include a "pace" limitation, nor does it limit Plaintiff to a "low stress, low production work setting." AR at 20 (limiting Plaintiff to "routine, repetitive, one and two-step tasks that require no reading

11

or math" and "no public contact, occasional interaction with coworkers, and remote supervision.").

When developing Plaintiff's RFC, the ALJ stated that he "generally accept[ed]" Dr. Morton's and Dr. Tyrrell's opinions, but that "additional records received after their reviews and evaluations show that claimant is stable on medication with routinely euthymic mood and affect; normal cognitive function; intact memory, attention, and concentration; and good judgment and insight." AR at 23. The mental health records cited by the ALJ following Dr. Morton's and Dr. Tyrrell's opinions, however, do not address Plaintiff's ability to maintain an adequate pace of work, see AR at 22, and the ALJ did not otherwise explain why, despite generally accepting Dr. Morton's conclusions, no "pace" limitation was included in Plaintiff's RFC. Similarly, despite apparently accepting Dr. Tyrrell's opinion that Plaintiff is limited to a "low stress, low production work setting," Plaintiff's RFC did not include such a limitation and the ALJ did not explain why such a limitation was not included.

Pursuant to the Regulations, an ALJ must consider "all of the relevant medical and other evidence" in developing a claimant's RFC. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). An ALJ is not required to adopt, in whole, any particular medical opinion. See Jackson v. Commissioner, Social Security, No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. April 24, 2014) ("an ALJ need not parrot a single medical opinion, or even assign 'great weight' to any

12

opinions, in determining an RFC assessment."); Yang v. Saul, No. 3:19CV699-GCM, 2020 WL 4819954 at *4 (W.D.N.C. Aug. 19, 2020) (same, quoting Jackson).

However, an ALJ is required to build a logical bridge from the evidence of record to his conclusions. Monroe, 826 F.3d at 189; see also Arnold v. Berryhill, 3:18cv391-MR-WCM, 2019 WL 2883815, at *10 (W.D.N.C. June 12, 2019) (finding ALJ "did not connect the dots" between moderate impairments and RFC), recommendation adopted, 2019 WL 2881548 (W.D.N.C. July 2, 2019); Mayberry, 2018 WL 3543085, at *3; Darby, 2018 WL 310136, at *6. Here, the lack of explanation regarding Plaintiff's ability to maintain a pace that "most employers require" or need for a "low stress, low production work setting" leads the undersigned to recommend that the ALJ's decision be remanded for further consideration of these issues.

### 2. Concentration, Persistence, or Pace

An ALJ that finds a plaintiff has moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Rather, the ALJ has two options. The ALJ may either (1) include additional limitations in the claimant's RFC to account adequately for the particular mental limitations, see e.g., Chesterfield v. Saul, 1:19-cv-90-MR, 2020 WL 249453, at * 3 (W.D.N.C. Jan. 15, 2020) (citing Davis v. Saul, No. 3:18-CV-

13

00367-MR, 2019 WL 4233553, at *3 (W.D.N.C. Sept. 5, 2019) (citing Williams v. Berryhill, No. 1:16-CV-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017)) (finding that an RFC limited to simple, routine tasks or unskilled work in a low stress or non-production environment, without more, does not adequately account for moderate limitations in concentration, persistence, and pace), or, in the alternative, (2) explain the decision not to limit Plaintiff's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding concentration, persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

As discussed above, although the ALJ appears to have accepted Dr. Morton's opinion that Plaintiff was "unlikely to be able to maintain a pace of work that most employers require," and further found that Plaintiff had moderate limitations in his ability to maintain concentration, persistence, or pace, the ALJ did not include a corresponding limitation in Plaintiff's RFC. Further, as the mental health records upon which the ALJ relied (at least as they are described in the ALJ's decision), do not indicate that Plaintiff no longer had a "pace" limitation, the ALJ did not explain adequately his decision to omit such a limitation from Plaintiff's RFC. Under these circumstances, the undersigned finds that the ALJ's decision should be remanded for additional

14

Case 1:20-cv-00061-MOC-WCM Document 13 Filed 01/22/21 Page 14 of 16

consideration of Plaintiff's RFC in light of Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace.

## VI. Recommendation

Considering the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 9) be **GRANTED** and that the Commissioner's Motion for Summary Judgment (Doc. 11) be **DENIED.**

Signed: January 22, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).